UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15CR00363AGF (JMB) |
| ) | |
| MARKUS ROCKETT, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This matter is before the Court on Defendant's pretrial motions. All pretrial motions were referred to United States Magistrate Judge John M. Bodenhausen under 28 U.S.C. § 636(b).[1] Defendant filed a motion to suppress evidence and statements, related to a traffic stop and arrest that occurred on the night of June 2, 2015. (Doc. No. 32.)

An evidentiary hearing was held before Judge Bodenhausen on January 7-8, 2016. The United States presented the testimony of Detective James Wilcox of the St. Louis Metropolitan Police Department (SLMPD). Defendant subpoenaed and presented the testimony of SLMPD Detectives Jarred Thacker, Daniel Weber, and Lafeal Lawshea, as well as the testimony of Defendant's cousin, Brittnie Williams, his sister, Latoya Rockett, and Leon Mills, who was the passenger in Defendant's car on the night in question.

---

[1] Pretrial matters were initially referred to Magistrate Judge David D. Noce. During the testimony of the first witness on December 16, 2015, Judge Noce determined he should recuse himself, and pretrial matters were reassigned to Judge Bodenhausen. The parties thereafter agreed to begin the testimony before Judge Bodenhausen anew, with the understanding that Judge Bodenhausen would review and consider all of the testimony, including the testimony before Judge Noce on December 16, 2015.

1

Defendant also presented a recording of Defendant's post-arrest statement.  The parties filed post-hearing memoranda after the transcripts of the hearings were filed.

Judge Bodenhausen thereafter issued a Report and Recommendation (Doc. No. 69), recommending that Defendant's motion to suppress evidence and statements be denied. Defendant filed Objections to the Report and Recommendation (Doc. No. 74), and the United States filed a response.  In his Objections, Defendant essentially argues that the evidence does not support the credibility findings made by the Magistrate Judge, and contends that this Court should reject the testimony of the officers that they observed Defendant commit a traffic violation, and attempted to stop Defendant's car, but that Defendant fled from them, and was arrested shortly thereafter for felony fleeing. Defendant argues that "the Court should (1) find that the government's evidence that Rockett committed a traffic violation on June 2, 2015 is unbelievable and (2) that police stopped Rockett without probable cause or reasonable suspicion in violation of his Fourth Amendment rights, necessitating the suppression of all evidence and statements seized on June 2, 2015."  (Doc. 74, at 14.)

Defendant does not independently challenge Judge Bodenhausen's many further findings of fact related to the events after the car stop, including that Det. Thacker observed Defendant attempt to conceal something to the right of the car seat, that appeared to be a firearm; that when Detective Wilcox approached the car after both individuals were removed from the car, he was able to observe in plain view what appeared to be the butt of a firearm; and that Defendant was advised that he was being arrested for felony fleeing and was read his *Miranda* rights, and thereafter made a statement to the police.  Nor does

2

Defendant contest the Magistrate Judge's conclusions of law that, assuming the officers had probable cause to stop Defendant's car for a traffic violation, they could lawfully seize the firearm under either the automobile exception or because it was in plain view, and that Defendant's statements were knowingly and voluntarily made.

When a party objects to a Report and Recommendation concerning a motion to suppress in a criminal case, the court is required to "'make a de novo determination of those portions of the record or specified proposed findings or recommendations to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). The Court conducted a *de novo* review of the motion to suppress. Because Defendant's objections are based on credibility, the Court reviewed the transcript and evidence, and also listened to the audio recording of all of the testimony. Based on that review, the undersigned concludes that the Magistrate Judge made proper factual findings and correctly analyzed the legal issues, and finds that objections to the Magistrate Judge's findings are not well taken.

The Court will address just a few examples to illustrate why Defendant's objections to the Magistrate Judge's findings are not well-taken. Defendant initially takes issue with Detective Wilcox's location and directional errors in his radio call and police report. It is true that Detective Wilcox originally called out the wrong street location when they first began to pursue Defendant's vehicle, and he admittedly confused his east and west directions in his police report. But the record reflects that Detective Wilcox did not normally patrol the area, and was unfamiliar with it, and at the time, the officers were driving around, as opposed to having stationed themselves in a single location. There is

3

nothing to suggest any intentional falsehood or deception. Indeed, the Court notes that during her testimony, one of Defendant's lay witnesses, who was quite familiar with the area, was confused about her street location as well.[2] The Court finds the testimony and evidence amply supports the Magistrate Judge's findings with respect to the route taken by both Defendant's and the officers' vehicles. And the officers' testimony about the events following Defendant's removal from the vehicle is corroborated by other evidence and by the testimony of the other officers who arrived at the scene.

Nor does the Court accept Defendant's contention that the timing of the radio calls evidence on the police radio renders the officers' testimony unbelievable. The Court finds nothing in the record to support Defendant's bald contention – asserted for the first time in the post-hearing brief – that the events could not have taken place in the time period reflected on the radio calls. The current record certainly is not sufficient for the Court to take judicial notice of that fact, as Defendant requests.

Defendant also contends the Magistrate Judge was unreasonable in accepting the testimony of the two police officers over the conflicting evidence of the lay witnesses, but the Court finds otherwise. Based on the testimony and the evidence as a whole, the Court does not find the testimony of Mr. Mills to be credible. And Brittnie Williams's testimony that as she drove down the street at night, she was observing Defendant's vehicle behind her in such a manner as to know whether or not he signaled or stopped at a stop sign is simply implausible. This is especially so when one remembers that the stop signs were

---

[2] Ms. Williams repeatedly testified that after she saw the police pull over Defendant's vehicle, she turned left onto Margaretta Ave., not realizing that that would have had her driving the wrong way down a one-way street. The Court assumes that this testimony by Ms. Williams was also an innocent mistake, and not a deliberate falsehood.

4

at the corners where she was turning, and presumably she would already have turned left and rounded the corner by the time Defendant would have reached the stop sign. For the same reasons, Ms. Williams's further testimony that she was observing the traffic behind Defendant's vehicle sufficiently to know that the officers could not have been behind Defendant's car as he drove west on Kossuth, and must have come from somewhere else, is equally implausible. Rather the Court finds believable her testimony on redirect, that she does not really know where the police car came from or when they started following Defendant's car. The balance of Ms. Williams's testimony, as well as the testimony of Latoya Rockett, has little relevance to the probable cause and other issues before the Court, and does not undercut the credibility of the officers in general.

Based on a careful, de novo review of the record, the Court overrules Defendant's Objections, and denies Defendant's motion to suppress for the reasons stated in the Magistrate Judge's thorough Report and Recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. No. 69] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein, and Defendant's Objections [Doc. No. 74] are overruled.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence and Statements [Doc. No. 32] is **DENIED**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of May, 2016.